UNITED STATES DISTRTICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENEE STRINGER & <br> LOIS VIRGINIA STRINGER <br><br> Plaintiffs, <br> VERSUS <br><br> TOWN OF JONESBORO, <br> LOUISIANA <br><br> Defendant. | ) CIVIL ACTION NO._____ <br> ) <br> ) JUDGE_____ <br> ) <br> ) MAGISTRATE <br> ) JUDGE_____ <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) FILED_____ |

**COMPLAINT; DEMAND FOR JURY TRIAL**

## **INTRODUCTION**

Since at least 2010, the Town of Jonesboro's sewerage system has intermittently discharged raw, untreated sewage in various parts of the town, in or near residential areas that surround the Town's sewage lift stations. Since at least 2013, an inordinate number of unauthorized discharges by the Town of Jonesboro have occurred within the vicinity of the North Oxidation Pond ("NOP"), a publicly-owned treatment works ("POTW"), located at the west-end of Harrison Street. These unauthorized discharges resulted in countless gallons of raw sewage deposited into unnamed creeks or tributaries located near the NOP, thence into Garret Creek, thence into the Little Dugdemona River—both of which are tributaries of the Dugdemona River. No permit issued by the Louisiana Department of Environmental Quality ("LDEQ") authorizes these discharges.

Despite years of complaints to the Town of Jonesboro and the LDEQ, little action has been taken to fix the problem. Accordingly, Plaintiffs, Renee Stringer and Lois Virginia Stringer, bring this action under the citizen's suit provision of the Clean Water Act.

1

## JURISDICTION

**1.** Plaintiffs, Renee Stringer and Lois Virginia Stringer, bring this citizens' enforcement action under the citizen suit provision of the Clean Water Act, 33 U.S.C. § 1365(a) against Defendant, Town of Jonesboro, for violations of the Clean Water Act, 33 U.S.C. §§ 1251-1376.

**2.** This Court has jurisdiction over the subject matter of this case pursuant to its federal question jurisdiction under 28 U.S.C. § 1331, 33 U.S.C. § 1365(a)(1), and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## VENUE

**3.** Venue is proper in this Court pursuant to Clean Water Act because the source of the discharges is located in this district. 33 U.S.C. § 1365(c)(1).

## NOTICE

**4.** Plaintiffs provided notice of the violations alleged in this Complaint (*infra*.) in a December 17, 2018 Notice of Intent to File Suit ("the Notice") sent by certified mail to the Defendant, the United States Attorney General, the Administrator of the Environmental Protection Agency ("EPA"), the Administrator of EPA Region 6, the Secretary of the Louisiana Department of Environmental Quality ("LDEQ"), then-Mayor of Jonesboro, James Bradford, and Jack Williams, Water-Sewer Supervisor for the Town of Jonesboro Department of Public Works. The Notice complies with 33 U.S.C. § 1365(b), and 40 C.F.R. §§ 135.1-135.3. A copy of the Notice, including certified mail receipts, is attached as "Exhibit A" and incorporated by reference.

**5.** More than sixty (60) days have passed since Plaintiffs provided the Defendant, U.S. Attorney General, EPA, and LDEQ with the Notice.

**6.** Neither EPA nor LDEQ are diligently prosecuting a civil or criminal action in a court to redress the Defendant's continuing violations.

## PARTIES

**7.** Plaintiff Renee Stringer is an individual, domiciled in Jonesboro, Louisiana, residing at 824 6th Street, Parish of Jackson, State of Louisiana. Plaintiff Renee Stringer is the owner of said property.

**8.** Plaintiff Lois Virginia Stringer (Renee's mother) is an individual, eighty-eight (88) years of age, domiciled in Jonesboro, Louisiana, residing at 824 6th Street, Parish of Jackson, State of Louisiana. Plaintiff Lois Virginia Stringer resided with her daughter, Renee, from August 2015 until she moved to an assisted living facility on December 6, 2018 due to her declining health.

**9.** Plaintiffs, Renee Stringer and Lois Virginia Stringer, are "persons" and "citizens" as defined by the Clean Water Act, 33 U.S.C. §1362(5).

**10.** Plaintiffs' property is located in an area where Defendant's unauthorized discharges occur, and exposes Plaintiffs to injuries resultant from the discharge of raw, untreated sewage near and onto her property.

**11.** Plaintiffs' injuries are actual and concrete, irreparable, and fairly traceable to Defendant's unauthorized discharges. This Court may grant relief to redress these injuries under the Clean Water Act.

**12.** Defendant, the Town of Jonesboro, is the owner and operator of the Jonesboro POTW (Permit No. LA004677), located at 340 Cedar Street, Jonesboro, Louisiana 71251.

**13.** The Town of Jonesboro is the owner and operator of the pipeline system leading to the Jonesboro POTW from the North Oxidation Pond ("NOP") and other component parts of the Town's sewerage system.

**14.** The Defendant is a "person" as defined by the Clean Water Act, 33 U.S.C. § 1362(5) and 40 C.F.R. § 122.2.

## **GENERAL ALLEGATIONS**

*LEGAL BACKGROUND*

**15.** The Clean Water Act prohibits the "discharge of any pollutant by any person," except in compliance with the Clean Water Act's permitting provisions. 33 U.S.C. § 1311(a).

**16.** The term "pollutant" includes solid waste, sewage, and sewage sludge. 33 U.S.C. § 1362(6).

**17.** The terms "discharge of pollutant" and "discharge of pollutants" mean, *inter alia*, "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

**18.** The Clean Water Act defines the term "point source" to include "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch…[or] channel…[or] discrete fissure." 33 U.S.C. § 1362(14).

**19.** "Navigable waters" means "the waters of the United States." 33 U.S.C. § 1362(7).

**20.** The term "waters of the United States" includes: "intrastate lakes, rivers, streams (including intermittent streams) …the use, degradation, or destruction of which would affect or could affect interstate or foreign commerce" and "tributaries of [such] waters." 40 C.F.R. § 122.2.

**21.** Under the Clean Water Act, a "Publicly-Owned Treatment Works … means a treatment works … owned by a State or municipality. This definition includes any devices and systems used in the storage, treatment, recycling, and reclamation of municipal sewage or industrial wastes of a liquid nature. It also includes sewers, pipes, and other conveyances only if they convey wastewater to a POTW Treatment Plant." 40 C.F.R. § 403.3.

**22.** The Clean Water Act establishes a permitting program that allows point source pollutant discharges into navigable waters, but only in accordance with the terms of the permit. 33 U.S.C. § 1342(a).

**23.** The Clean Water Act authorizes "any citizen" to bring suit "against any person… who is alleged to be in violation of an effluent standard or limitation under this chapter" and grants district courts jurisdiction "to enforce such effluent standard or limitation … and to apply any appropriate civil penalties under section [309(d)] of this title." 33 U.S.C. § 1365(a).

## FACTUAL ALLEGATIONS

**24.** Jonesboro's sewerage infrastructure conveying waste to the NOP intermittently discharges untreated sewage into a residential area surrounding the Cemetery Lift Station, running one (1) mile south from the NOP to Highway 4, one-half (1/2) mile northeast to the corner of 5th Street and Cooper Avenue, then approximately three-quarters (3/4) of a mile northwest to the NOP (the "Affected Area").

**25.** Two tributaries of the Little Dugdemona River flow in the Affected Area. Between 6th Street and Country Road (just South of the NOP), an unnamed canal, starting some distance just south of 6th Street, which flows north towards the NOP, then bends westward, running parallel to Country Road, and intersects Garrett Creek. This unnamed canal ("Garrett Creek Tributary") flows northwardly alongside Plaintiffs' eastern property line, then curves westward along Plaintiffs' northern property boundary, thence into Garrett Creek. Garrett Creek, which lies just south of the NOP, flows into the Little Dugdemona River which is a tributary of the Little River. The Little River is a tributary of the Ouachita River. Together, these waterbodies form part of the Mississippi Watershed and thus, are waters of the United States as contemplated under the Clean Water Act.

**26.** During heavy rainfall events, the Cemetery Lift Station, closest to the NOP, and surrounding pipelines, conveying untreated wastewater to the NOP, discharge raw sewage that flows into the Garrett Creek Tributary and Garrett Creek itself (the "Unauthorized Discharges").

**27.** Specific points of Unauthorized Discharges from Jonesboro's pipeline system into the Affected Area include:

a. An abandoned overflow line running from the Cemetery Lift Station to the Garrett Creek Tributary;

b. An eroded manhole adjacent to the Town's Water Well #2; and

c. A manhole and pipe on the north side of the 6th Street Bridge, located at the southeast corner of Plaintiffs' property.

**28.** Specific instances of reported Unauthorized Discharges include, but are not limited to:

| Date | Duration of Discharge | Gallons Discharged |
|---|---|---|
| September 3, 2015 | Approx. 24 hours | Unknown |
| July 1, 2016 | Unknown | Unknown |
| August 10, 2017 | 3 ½ hours | Unknown |
| September 13, 2017 | 90 minutes | Unknown |
| December 7-8, 2018 | Approx. 24 hours | Unknown |

**29.** Upon information and belief, additional Unauthorized Discharges have occurred and are likely to continue.

**30.** Further, upon information and belief, many Unauthorized Discharges have occurred throughout the years which have gone unreported to LDEQ by the Town of Jonesboro.

**31.** LDEQ issued the Town of Jonesboro a Clean Water Act § 402-compliant National Pollutant Discharge Elimination System permit ("NPDES Permit") to discharge treated effluent from the North Oxidation Pond and POTW into Garrett Creek and thence the Little Dugdemona River. (Permit No. LA004677).

**32.** Jonesboro's Permit states that the permittee "has a duty to comply with all conditions" of the permit, and that any noncompliance constitutes a violation of the Clean Water

Act. *See* LA004677, Part III. Standard Conditions for LPDES Permits, §A2. *See also*, 40 C.F.R. §122.41(a); La. R.S. §30:2076(A)(3).

33. The Permit allows limited discharges of treated effluent only from a specific outfall point into Garrett Creek.

34. Under the Permit, a "bypass" means "the intentional diversion of waste stream from any portion of a treatment facility." *See* Permit LA004677, Part III. Standard Conditions, §B.4.a.

35. Standard Conditions §B.4.d.1 of the LPDES Permit prohibit bypass unless:
    a. "Bypass was unavoidable to prevent loss of life, personal injury, or severe property damage;"
    b. "There were no feasible alternatives to the bypass, such as the use of auxiliary treatment facilities, retention of untreated wastes, or maintenance during normal periods of equipment downtime…;" and
    c. "The permittee submitted notices as required by Section B.4.c of these standard conditions," *i.e.*, within twenty-four (24) hours.

36. The Unauthorized Discharges into the Affected Area, Garrett Creek, and the Garrett Creek Tributary are not lawful bypasses under the Permit.

37. The Unauthorized Discharges are avoidable.

38. Feasible alternatives to the raw sewage discharges exist in the form of installation of adequate back-up equipment, maintenance, and repair.

39. In many instances, Jonesboro has failed to report the Unauthorized Discharges.

## FIRST CAUSE OF ACTION

40. Garrett Creek and Garrett Creek Tributary are "waters of the United States" and "navigable waters" under the Clean Water Act.

**41.**     Jonesboro's sewerage pipeline system is a "discrete conveyance" under the Clean Water Act.

**42.**     Each component of Jonesboro's pipeline system including, without limitation, manholes and pipes that convey wastewater, is a "point source" under the Clean Water Act.

**43.**     Pollutants that Jonesboro releases from its pipeline system into the Affected Area ultimately discharge into the Garrett Creek Tributary, then into Garrett Creek, thence flowing into the Little Dugdemona River, and eventually to the Dudgemona River and Little River, respectively.

**44.**     By releasing pollutants from its pipeline system to the Affected Area, Jonesboro adds these pollutants to Garrett Creek and the Garrett Creek Tributary. Accordingly, Jonesboro's release of pollutants into the Affected Area constitute the discharge of pollutants from a point source into navigable waters.

**45.**     No Clean Water Act permit authorizes Jonesboro to discharge pollutants to the Garrett Creek Tributary.

**46.**     No Clean Water Act permit authorizes Jonesboro to discharge pollutants to Garrett Creek upstream of its permitted outfall.

**47.**     Jonesboro's intermittent releases of untreated sewage from its pipeline system to the Affected Area since at least March 12, 2014 (five (5) years before filing of this Complaint) violate the Clean Water Act. *See* 33 U.S.C. § 1311(a).

**48.**     The discharges at issue in this Complaint are ongoing and, upon information and belief, will continue until and unless enjoined by this Court.

## SECOND CAUSE OF ACTION

**49.**     To the extent that Jonesboro's Clean Water Act Permit can be read to apply to discharges from Defendant's pipeline system, Jonesboro's intermittent releases of untreated sewage in the Affected Area and discharges into Garrett Creek and the Garrett Creek Tributary

since at least March 12, 2014 (five (5) years before filing of this Complaint) violate that Permit, including, but not limited to, bypass limitations, monitoring requirements and other Permit conditions. *See* 33 U.S.C. §§ 1311(a), 1342.

### THIRD CAUSE OF ACTION

**50.**     Section B.3.a of the Permit's Standard Conditions states that the "permittee shall at all times properly operate and maintain all facilities and systems of treatment and control (and related appurtenances) which are installed or used by the permittee to achieve compliance with the conditions of this permit." *See* Permit Standard Conditions, pp. 3-4.

**51.**     The discharges alleged in this Complaint show that Jonesboro fails to properly operate and maintain all facilities and systems of treatment and control (and related appurtenances) which are installed or used by the Jonesboro POTW in its efforts to achieve compliance with the conditions of the Permit.

**52.**     The discharges alleged in this Complaint are caused by the chronic failure of the one (1) pump located at the Cemetery Lift Station. The Permit requires sewage lift stations to have two (2) <u>working</u> pumps installed. The Cemetery Lift Station has no backup or auxiliary equipment and for at least the past five (5) years, only one pump motor was installed at the Cemetery Lift Station.

**53.**     Jonesboro is in violation of § B.3 of the Conditions contained in its Permit.

**54.**     Jonesboro's ongoing failure to comply with Condition § B.3 result in the Unauthorized Discharges into the Garrett Creek Tributary and Garrett Creek.

**55.**     33 U.S.C. § 1365(f) empowers citizens (including the Plaintiffs) to enforce, *inter alia*, conditions of a Clean Water Act permit.

## DEMAND FOR JURY TRIAL

**56.** Plaintiffs, Renee Stringer and Lois Virginia Stringer, hereby request a jury trial on all issues raised in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests the following relief:

A. A declaratory judgment that the Defendant is violating the Clean Water Act;

B. An Order enjoining the Defendant from discharging wastewater in violation of the Clean Water Act;

C. An Order requiring compliance with Permit Condition §§ B.3-B.4;

D. Civil penalties in the amount of $25,000 per day per violation from March 12, 2014 to November 2, 2015; and civil penalties in the amount of $53,484 per day per violation since November 2, 2015 as provided by Clean Water Act § 309(d) and federal regulations. 33 U.S.C. § 1319(d); 40 C.F.R. § 19.4;

E. An award of reasonable attorney fees and costs pursuant to the Clean Water Act, 33 U.S.C. § 1365(d); and

F. Such other relief as this Court may deem appropriate.

Respectfully submitted this 13th of March, 2019.

**s/ P. Heath Hattaway**
P. Heath Hattaway, LA Bar No.: 36870
Law Offices of Heath Hattaway, Josh Critselous
203 S. Vienna Street/ P.O. Box 231
Ruston, Louisiana 71273
Tel. No. (318) 251-8480
Fax No. (888) 736-4445
HH@heathhattaway.com
*Counsel for Plaintiffs, Renee Stringer &*
*Lois Virginia Stringer*

          **s/ Joshua L. Critselous**
Joshua L. Critselous, LA Bar No.: 38177
Law Offices of Heath Hattaway, Josh Critselous
203 S. Vienna Street/P.O. Box 231
Ruston, Louisiana 71273
Tel. No. (318) 251-8480
Fax No. (888) 736-4445
josh@heathhattaway.com
*Counsel for Plaintiffs, Renee Stringer &*
*Lois Virginia Stringer*

**Please Issue Summons to:**

**DEFENDANT, THE TOWN OF JONESBORO, LOUISIANA**
C/o Mr. Douglas L. Stokes
Attorney for the Town of Jonesboro
Address:    Law Office of Douglas L. Stokes
               401 Polk Avenue
               Jonesboro, Louisiana 71251
Tel.:          (318) 259-4164