**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **RENEE STRINGER ET AL** | **CASE NO. 3:19-CV-00343** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **TOWN OF JONESBORO ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

This matter involves a "citizen suit" by Plaintiff Renee Stringer ("Stringer") against the Town of Jonesboro ("Jonesboro") and James Bradford ("Bradford") under the Clean Water Act ("CWA").[1] Jonesboro has filed a Motion for Summary Judgment [Doc. No. 80] seeking to dismiss Stringer's claims. Stringer filed an opposition [Doc. No. 83]. Jonesboro filed a reply [Doc. No. 80] to the opposition, and Jonesboro filed a Motion to Strike [Doc. No. 85] certain exhibits filed by Stringer in her opposition.

For the reasons set forth herein, Jonesboro's Motion for Summary Judgment is DENIED.

**I. BACKGROUND**

On March 18, 2019, Stringer filed a Complaint against Jonesboro for violations of the CWA as a result of Jonesboro's wastewater system spewing sewage onto Stringer's property. After an Amended Complaint[2] was filed by Stringer, Jonesboro and Bradford filed a Motion to Dismiss.[3] The Magistrate Judge filed a Report and Recommendation [Doc. No. 40] recommending that Stringer's claims be dismissed. The Court adopted the Report and Recommendation in a Judgment on February 18, 2020, dismissing Stringer's claims.[4]

---

[1] 33 U.S.C. 1365
[2] [Doc. No. 22]
[3] [Doc. No. 33]
[4] Stringer also had a conspiracy claim for damages pursuant to 42 U.S.C. 1983.

Thereafter, Stringer appealed the February 18 Judgment[5]. On February 8, 2021, the United States Court of Appeals for the Fifth Circuit rendered a Judgment/Mandate[6] reversing the dismissal of Stringer's CWA claims but affirming the dismissal of Stringer's 42 U.S.C. 1983 claims. The trial in this matter is presently scheduled for September 12, 2022.[7]

On May 13, 2022, Jonesboro filed the pending Motion for Summary Judgment,[8] again asking for Stringer's CWA claims to be dismissed.

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v.*

[5] [Doc. No. 60]
[6] [Doc. No. 62]
[7] [Doc. No. 75]
[8] [Doc. No. 80]

*Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

### B. Analysis

#### 1. Timeline

The complaints Stringer made against the Town of Jonesboro were referred to the Louisiana Department of Environmental Quality ("LDEQ"). The following timeline occurred with regard to these complaints:

> March 11, 2013 – LDEQ issued Compliance Order WE-C-13-00429;
>
> January 12, 2017 – LDEQ issued Consolidated Compliance Order and Notice of Potential Penalty WE-CN-00816;
>
> September 8, 2017 – Mayor Bradford met with LDEQ officials;
>
> September 14, 2017 – LDEQ issued Warning Letter WE-L-17-01043 to Jonesboro;
>
> February 2, 2018 – LDEQ issued Consolidated Compliance Order and Notice of Potential Penalty WE-CN-17-01043;
>
> April 12, 2018 – LDEQ officer conducted an inspection;
>
> December 17, 2018 – Stringer gives Notice of Intent to file suit to Jonesboro and all required federal agencies;
>
> March 18, 2019 – Stringer's original Complaint filed;
>
> June 11, 2019 – LDEQ officer conducted inspection;
>
> October 4, 2019 – Stringer files Amended Complaint;
>
> December 13, 2019 – LDEQ officer conducts inspection;
>
> August 19, 2020 – LDEQ files suit against Jonesboro to make three (3) previous Compliance Orders executory;
>
> November 2, 2020 – LDEQ issues Consolidated Compliance Order and Notice of Potential Penalty WE-CN-20-00290;
>
> January 4, 2021 – LDEQ officer conducts inspection and afterward issues Warning Letter WE-21-75;
>
> March 31, 2021 – Stringer files Second Amended Complaint; and

June 23, 2021 – LDEQ issues Consolidated Compliance Order and Notice of Potential Penalty WE-CN-21-0075.

### 2. Statutory Language

In its Motion, Jonesboro claims Stringer's citizen suit should be dismissed on the basis of Title 33 United States Code § 1365, which provides (in pertinent part), as follows:

> **(a) AUTHORIZATION; JURISDICTION**
>
> Except as provided in subsection (b) of this section and *section 1319(g)(6) of this title*, any citizen may commence a civil action on his own behalf—
>
> **(1)** against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation, or
>
> **(b) NOTICE**
>
> No action may be commenced—
>
> **(1)** under subsection (a)(1) of this section—
>
> **(A)** prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order, or
>
> **(B)** if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any citizen may intervene as a matter of right.

Stringer maintains Title 33 U.S.C. § 1319(g)(6)(A)(ii) allows her citizen suit to proceed. The pertinent portion of that statute reads as follows:

> **33 United States Code § 1319 - Enforcement**
>
> **(g) Administrative penalties**

> **(6) Effect of order**
>
> **(A)** Limitation on actions under other sections
> Action taken by the Administrator or the Secretary, as the case may be, under this subsection shall not affect or limit the Administrator's or Secretary's authority to enforce any provision of this chapter, except that any violation—
>
> **(ii)** with respect to which a State has commenced and is diligently prosecuting an action under a State law comparable to this subsection,
>
> shall not be the subject of a civil penalty action under subsection (d) of this section or section 1321(b) of this title or section 1365 of this title.

Stringer argues that the clear statutory language of 33 U.S.C. § 1319(g)(6)(A)(ii) allows Stringer's citizen suit to proceed unless the LDEQ is pursuing an administrative penalty action against Jonesboro for violations of the CWA.

This Court can find no jurisprudence in which the United States Court of Appeals for the Fifth Circuit or the Supreme Court of the United States has addressed this issue. There is a "split" among the circuit courts that have addressed this issue.[9]

The question is one of statutory interpretation. The issue is whether 33 U.S.C. § 1319(g)(6)(A)(ii) only bars a citizen suit where administrative penalties are already being sought or have already been imposed by the state.[10]

**i. Title 33 U.S.C. § 1365**

Title 33 U.S.C. § 1365 addresses citizens suits. Except as provided under 33 U.S.C. § 1365(b) and §1319(g)(6) of this title, Section 1365 authorizes citizens to commence a civil action on their own behalf. However, a citizen suit may not be commenced:

> 1. prior to sixty days after the plaintiff has given notice of the alleged violation to the violator, the State and Administrator;

[9] *Arkansas Wildlife Federation v. ICI Americas, Inc.*, 29 F.3d 376 (8th Cir. 1994); *California Sportfishing Protection Alliance v. Chico Scrap Metal, Inc.*, 728 F.3d 868 (9th Cir. 2013).
[10] Jonesboro offers no argument or evidence that administrative penalties are being sought by LDEQ.

> 2. if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order.

Jonesboro argues that more than sixty days prior to Stringer giving notice and/or filing suit, a civil suit had commenced by LDEQ which is being diligently prosecuted.

In order for this bar to apply, LDEQ would have to show that it has commenced a civil suit against Jonesboro which is being diligently prosecuted. The question of whether the issuance of the above-described Compliance Orders would be "commencing" a civil suit does not need to be addressed because whether the actions of LDEQ are "diligent prosecution" is a question of fact that should be addressed by the trier of fact in this case. Therefore, Jonesboro is not entitled to summary judgment that 33 U.S.C. § 1365 bars Stringer's claims

**ii. Title 33 U.S.C. § 1319**

Additionally, the Court finds merit in Stringer's argument under 33 U.S.C § 1319. Stringer argues that 33 U.S.C. § 1319 is entitled "Enforcement" under Subchapter III – Standards and Enforcement of the CWA. Subsections (d) and (g) of Section 1319 authorize a civil action to be brought by the Administrator. Subsection (d) of Section 1319 authorizes civil penalties. The applicable Subsection (g) authorizes civil administrative penalties.

33 U.S.C. § 1365(a) states that except as provided under Subsection (b) of 1365 and except as provided in Section 1319(g)(6) of this title, a citizen may commence a civil action on his own behalf.

This clearly means that a citizen suit may be brought unless 33 U.S.C. § 1365(b) or 33 U.S.C. § 1319(g)(6) applies.

In discussing civil administrative penalties, Section 1319(6)(A)(ii) states that any action taken by the Administrator or the Secretary *under this subsection* shall not limit the

Administrator or Secretary's authority to enforce any provision of this chapter; except that any violation with respect to which a State has commenced and is diligently prosecuting an action under state law comparable *to this subsection.*

In other words, a citizen suit is not allowed under Section 1319(g)(6)(A)(ii) where LDEQ has commenced and is diligently prosecuting an action under the subsection which deals with civil administrative penalties. All references to "*under this subsection*" clearly refer to a state's attempt to seek access to administrative penalties. According to the wording of Section 1319(g)(6)(A)(ii), if LDEQ is not seeking civil administrative penalties, there is no bar to Stringer's citizen suit.[11]

A case which discussed this issue in great detail is *PennEnvironment v. RRI Energy Northeast Management Co.*, 744 F.Supp. 2d 466 (W.D. Penn. Oct. 8, 2019). In *PennEnvironment*, the court held under the language of 33 U.S.C. § 1319 (g)(6)(A), a citizen suit is barred if civil penalties are sought and one of the three exemptions (i, ii, iii) applies. To this Court, the language of 33 U.S.C. § 1319(g)(6)(A) is not ambiguous, and the references to "*under this subsection"* clearly refer to actions for civil administrative penalties.

Even if the language of Section 1319 (g)(6)(A)(ii) were found by this Court to be ambiguous, the legislative history of this section supports the view that a citizen suit is barred under this subsection only when civil penalties are sought by LDEQ.[12]

This Court is aware of a contrary decision in *Arkansas Wildlife*[13], but it believes the language of the statute precludes Jonesboro's statutory interpretation. Therefore, Jonesboro's Motion for Summary Judgment is DENIED.

---

[11] *California Sportfishing* 728 F.3d at 877.
[12] *PennEnvironment*, 744 F.Supp.2d at 473-75; *Old Timer, Inc. v. Blackhawk-Central City Sanitation District*, 51 F.Supp. 2d 1109. (D. Col. 1999).
[13] 29 F.3d. 376 (8th Cir. 1994).

**D. Motion to Strike**

In its Motion to Strike [Doc. No. 85], Jonesboro seeks to strike emails and contractor status reports in Stringer's opposition. Since it was not necessary to review these materials in evaluating Jonesboro's Motion for Summary Judgment, the Motion to Strike [Doc. No. 85] is DENIED AS MOOT.

**III. CONCLUSION**

For the reasons set forth in this Court's Memorandum Order,

IT IS ORDERED that Jonesboro's Motion for Summary Judgment [Doc. No. 80] is DENIED.

IT IS FURTHER ORDERED that Jonesboro's Motion to Strike [Doc. No. 85] is DENIED AS MOOT.

MONROE, LOUISIANA this 28th day of June 2022.

Terry A. Doughty
United States District Judge