UNITED STATES DISTRTICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENEE STRINGER | CIVIL ACTION NO. 3:19-cv-00343 |
| VERSUS | JUDGE: The Honorable Terry A. Doughty |
| TOWN OF JONESBORO, ET AL | MAGISTRATE JUDGE: The Honorable Karen L. Hayes |

## CONSENT FINAL JUDGMENT

WHEREAS PLAINTIFF RENEE STRINGER ("Plaintiff" or "Stringer"), an adult citizen of the State of Louisiana, filed a Complaint on March 18, 2019 against the Town of Jonesboro ("Town") under the citizen suit provision of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, alleging violations of the CWA, 33 U.S.C. §§ 1251 – 1376 and said complaint was amended on October 4, 2019,

WHEREAS this court granted the Town's Motion to Dismiss pursuant to FRCP 12(b)6) on February 18, 2020 but the Fifth Circuit rendered a judgment reversing this court's dismissal of Plaintiff's CWA claims;

WHEREAS Plaintiff amended the Complaint again on March 31, 2021;

WHEREAS Plaintiff's counsel complied with all notification procedures prior to the filing of this lawsuit such that the Louisiana Department of Environmental Quality ("LDEQ") and the United States Environmental Protection Agency ("EPA") were both notified prior to suit being filed;

WHEREAS the Town filed answers to the original and amended complaints initially denying liability under the CWA;

WHEREAS on June 29, 2022, this court denied the Town's Motion for Summary Judgment and determined that Plaintiff was permitted to proceed with her Enforcement action as neither the

EPA nor LDEQ had filed suit attempting to enforce a civil administrative penalty against the Town;

WHEREAS in its Motion for Summary Judgment and attached pleadings, the Town judicially admitted that it had discharged raw untreated sewage onto Stringer's property and into the nearby creek;

WHEREAS the parties have entered into a Full and Final Settlement Agreement;

WHEREAS pursuant to the terms of the Full and Final Settlement Agreement the parties will enter into a Consent Final Judgment incorporating by reference the terms of the Full and Final Settlement Agreement, which Consent Final Judgment shall fully and finally resolve this civil action;

WHEREAS the Town's agreement to this Consent Final Agreement is not an admission of liability under the CWA, except that it consents that jurisdiction and venue are proper;

WHEREAS, the Parties recognize, and the Court by entering this Consent Final Judgment finds, that this Consent Final Judgment has been negotiated by the Parties in good faith and that this Consent Final Judgment is fair, reasonable, and in the public interest; and

WHEREAS the Parties respectfully request that the Court enter this Consent Final Judgment, following a 45-day waiting period for review, without objection, by the federal government, pursuant to §1365(c) of Clean Water Act, which provides: "No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator [of EPA]."

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDICATED, AND DECREED that the following judgment entered into by the consent of the parties be and is hereby made a judgment of this court.

## I. JURISDICTION AND APPLICABLITY

1. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 and the CWA, 33 U.S.C. § 1365. This Court has personal jurisdiction over the Parties.

2. Venue is proper in the Western District of Louisiana because the violations alleged in the Complaint are alleged to have occurred in this judicial district.

3. The Consent Final Judgment is binding upon the Parties.

4. Each Party promises and warrants that the person or persons that execute this Consent Final Judgment on the Party's behalf is authorized to execute this Consent Final Judgment and to bind that Party to its terms.

## II. OBLIGATIONS

5. The Parties shall comply with the terms of the Full and Final Settlement Agreement attached as Exhibit A, the terms of which are incorporated herein by reference.

6. Plaintiffs' counsel shall send copies of the settlement agreement and this order to the Attorney General and the Administrator of the EPA and shall file a copy of said notice and proof of delivery of same in the record.

## III. DISMISSAL WITH PREJUDICE

As more than 45 days have passed since notice was sent to the Attorney General and the Administrator of the EPA and no objections have been received by the parties or filed with this court,

IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiff's complaint is dismissed with prejudice on this 13th day of   October   2022.

Honorable Terry A. Doughty
United States District Judge

3

JUDGMENT AGREED TO FORM AND CONTENT:

BREEDLOVE LAW FIRM

By: _____
Pamela N. Breedlove, Bar Roll No. 21773
216 Rolling Meadow Lane
Bossier City, LA 71112
P.O. Box 8667
Bossier City, LA 71113-8667
Tel. No.: (318) 423-0845
Fax. No.: (318) 553-5176
Email: pambreedlove@breedlovefirm.com

By: s/ P. Heath Hattaway
P. Heath Hattaway, LA Bar No.: 36870

By: s/ Joshua L. Critselous
Joshua L. Critselous, LA Bar No.: 38177
P.O. Box 231
Ruston, Louisiana 71273
Tel. No. (318) 251-8480
Fax No. (888) 736-4445
Email: HH@heathhattaway.com
Email: Josh@heathhattaway.com

ATTORNEYS FOR RENEE STRINGER

NEUNERPATE

By: _____
Ben L. Mayeaux, Bar Roll No. 19042
Jennifer M. Ardoin, Bar Roll No. 30378
One Petroleum Center
1001 W. Pinhook Rd. Suite 200
Lafayette, Louisiana 70503
Tel. No.: 337-237-7000
Fax. No.: 337-233-9450
Email: BMayeaux@neunerpate.com
Email: JArdoin@neunerpate.com
ATTORNEYS FOR TOWN OF JONESBORO

4